[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 11, 2011
JOHN LEY
CLERK

No. 10-15867
Non-Argument Calendar

Agency No. BRB-0 : 09-0661

POMTOC
SIGNAL MUTUAL INDEMITY ASSOCIATION, LTD.
c/o LAMORTE BURNES & COMPANY,

Petitioners,

versus

DIRECTOR, OWCP,
U.S. DEPARTMENT OF LABOR,
REYLANS TAPANES,

Respondents.

Petition for Review of a Decision of the
Benefits Review Board

(October 11, 2011)

Before TJOFLAT, WILSON and BLACK, Circuit Judges.

PER CURIAM:

In this Longshore and Harbor Workers' Compensation Act case, POMTOC's employee, Reyland Tapanes, injured his rotator cuff while at work on October 31, 2005. A hearing was held before an administrative law judge ("ALJ") to determine whether his injury was compensable. The ALJ found that he had sustained a permanent partial disability and awarded Tapanes compensation for that disability. At the same time, the ALJ entertained POMTOC's (and insurer Signal Mutual's) petition for relief under Section 8(f) of the Act, 33 U.S.C. § 908(f), i.e., a limitation of liability for such compensation payments to 104 weeks, on the ground that Tapanes had sustained a heart attack six months earlier, in April 2005, and that his compensable rotator cuff disability was greater due to his disabling heart attack.

Acting on a stipulated record, an administrative law judge ("ALJ") agreed, and held that POMTOC had proven, as Section 8(f) required, three elements: (1) Tapanes had a preexisting permanent partial disability (the heart condition) prior to injuring his rotator cuff; (2) POMTOC was aware of the preexisting condition, i.e., it was "manifest" to POMTOC, prior to the occurrence of the work-related injury; and (3) the preexisting disability made Tapanes's disability due to the rotator cuff injury materially and substantially greater than it would have been without the preexisting condition. The Director appealed the ALJ's Section 8(f)

decision to the Benefits Review Board, and the Board, addressing only the second element, reversed. *Reyland Tapanes v. POMTOC,* BRB No. 09-0661 (May 20, 2010) (unpub.) The Board concluded that because the only evidence before the ALJ of Tapanes's April 2005 heart attack was contained in medical records generated *after* the October 31, 2005 rotator cuff incident. Stated another way, there was no evidence in the record from which the ALJ could have ascertained that POMTOC "had actual knowledge of [Tapanes's] heart attack prior to the work accident." After the Board denied POMTOC's motion to reconsider its decision, POMTOC and Signal Mutual petitioned this court for review.

In support of their petition, these petitioners argue that the Board overlooked the ALJ's reliance on Tapanes's deposition testimony, which established that Tapanes was absent from work for a month following his heart attack and that his cardiac disability was manifest to POMTOC. Tapanes's deposition was not part of the record. Acknowledging this fact, petitioners argue alternatively that the case should be remanded to the ALJ for "re-opening of the evidence; or for modification under Section 22 of the Act, so that any evidence deemed necessary may be submitted to further support the reinstatement of the [ALJ's] initial Decision." Appellants' Reply Br. at 11.

Under the Act, the Board is constrained to accept an ALJ's findings of fact

3

unless they are irrational or unsupported by substantial evidence in the record considered as a whole. *Presley v. Tinsley Maintenance Serv.*, 529 F.2d 433, 436 (5th Cir. 1976). If the record contains no evidence to support the ALJ's findings, the Board is free to reverse. *Director, OWCP v. Newport News Shipbuilding & Dry Dock Co.*, 138 F.3d 134, 144 (4th Cir. 1998).

We agree with the Director that POMTOC submitted no proof that it had knowledge, actual or constructive, of Tapanes's cardiac condition *before* Tapanes sustained his rotator cuff injury. The Board's decision and its order denying POMTOC's motion for reconsideration are, accordingly,

AFFIRMED.